## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between GAN DI LIN, ("Claimant" or "Plaintiff") and HAN Y. INC., d/b/a UMI SUSHI and TONY H. (collectively the "Defendants"), (Claimant and the Defendants are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of May ___12___, 2017.

## RECITALS

A. WHEREAS, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 1:17-cv-00175-JBW-VMS

B. WHEREAS, no court has considered or determined the claims presented;

C. WHEREAS, Defendants admit no wrongdoing, nor any liability with respect to Claimant's allegations;

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

**1. Consideration**

The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

**2. Settlement Compensation and Release**

Defendants agree to pay Claimant the settlement total amount of TWENTY THOUSAND DOLLARS ($20,000.00) (the "Settlement Amount"), inclusive of all attorney's fees and costs, to be paid in four equal monthly installments of FIVE THOUSAND DOLLARS ($5,000.00). On or before the fifteenth day following court approval of this Settlement Agreement, Defendants shall deliver to Jiang Hang, Esq., Hang & Associates, PLLC, 136-18 39th Ave, Ste 1003, Flushing, NY 11354, the Settlement Amount in the following manner, as follows:

 a. A check in the amount of $5,000.00, without any deductions or withholdings, payable to "Hang & Associates, PLLC"

 b. Within 30 days from the date of the first check, a second check in the amount of $5,000.00, without any deductions or withholdings, payable to "Hang & Associates, PLLC;"

 c. Within 60 days from the date of the first check, a third check in the amount of $5,000.00, without any deductions or withholdings, payable to "Hang & Associates, PLLC;"

 d. Within 90 days from the date of the first check, a fourth and final check in the amount of $5,000.00, without any deductions or withholdings, payable to "Hang & Associates, PLLC.".

The Settlement Amount shall be allocated as follows: $12,900 to Claimant, $6,450 to Hang & Associates, PLLC as attorney's fees and $650 as filing fees, costs and expenses.

For and in consideration of the payments provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Defendants and their heirs, beneficiaries, trustees, administrators, executors, spouses, assigns, and legal representatives, from any and all federal and New York State wage and hour claims, which Claimant has or may have against Defendants, whether claimed in this lawsuit or not. The parties agree that Defendants will issue a 1099 form to Hang & Associates, PLLC., who shall issue a 1099 form to Claimant. In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the concessions of Defendants contained in this Agreement, including the payment of the Settlement Amount, Plaintiff, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Lawsuit or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law.

 3. **Confession of Judgment**

Concurrent with the execution of this Agreement, each of HAN Y. INC., d/b/a UMI SUSHI and TONY H. shall execute two original Confessions of Judgment in the sum of THIRTY THOUSAND DOLLARS ($30,000.00), less any payments already made, the forms of which are appended hereto as **Exhibit A**, which shall be given to Plaintiff's counsel, to be held in escrow to secure the payment obligations of the Defendants hereunder.

The Confessions of Judgment shall not be filed unless and until Defendants default in payments as scheduled. If a payment is not timely made or if a check is unable to be cleared due to lack of funds, such non-payment shall be considered a default. Plaintiff's counsel shall contact Defendants' counsel to advise of default, and if no cure is effected within 10 business days thereafter, Plaintiff may file the confessions of judgment. Once the Company has made full payment in accordance with the terms of this Agreement, the confessions of judgment shall be null and void. In the Event of Default under the Settlement Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on the Affidavits of Confession of Judgment.

4. **Mutual Non-Disparagement**

Claimants and Defendants mutually agree that they will not disparage each other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

5. **Voluntary Dismissal**

Upon execution of the Settlement Agreement, Plaintiff shall immediately file a Stipulation of Dismissal with Prejudice in the Action and seek the Court's approval of the Settlement Agreement.

6. **Jurisdiction**

The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

7. **Headings**

The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

8. **Entire Agreement**

This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral. The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

9. **Changes To Agreement**

This Agreement may not be changed, amended, modified or terminated except by a written instrument signed by each of the Parties to this Agreement.

10. **Severability**

In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms

of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

11. **Acknowledgment**

Claimant acknowledges that he has consulted with his attorneys in connection with this Settlement Agreement; that Claimant knows and understands the binding effect of this Agreement and voluntarily and knowingly agrees to the terms of this Agreement, and that any waivers made herein are knowing, voluntary, conscious and with full appreciation that they are forever foreclosed from pursuing any of the rights so waived.

12. **Execution in Counterparts**

This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission, each of which when executed shall be deemed to be an original and all of which together shall constitute a single instrument binding upon the Parties.

13. **Signatures**

The Parties hereby signify their agreement to the above terms by their signatures below.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____    5/22/2017
GAN DI LIN          Date

_____    May 22 2017
HAN Y. INC., d/b/a UMI SUSHI,       Date

By Name: ___Tony Han___

Title: ___Owner___

_____    May 22 2017
TONY H.                             Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GAN DI LIN, individually and on behalf of all other
employees similarly situated,

         Plaintiff,

    -against-

HAN Y. INC., d/b/a UMI SUSHI, and TONY H.

         Defendants.
-------------------------------------------------------------X

Case No. 1:17-cv-00175-JBW-VMS

AFFIDAVIT OF CONFESSION
OF JUDGMENT

STATE OF NEW YORK    }
                         } ss.:
COUNTY OF Queens    }

HAN Y. INC., d/b/a UMI SUSHI, through and by a duly sworn representative with authority to bind itself, does depose and say:

1. That I, _Tony Han_, have the authority to sign on behalf of myself, and on behalf of the undersigned entity as the owner, officer, director, and/or authorized shareholder of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a Defendant in the above captioned action, and I am duly authorized to make this affidavit on the undersigned entity's behalf.

2. That HAN Y. INC., d/b/a UMI SUSHI hereby confesses judgment, and authorizes entry of judgment only in the event of a default, not timely cured, pursuant to the terms of the Settlement Agreement and Release among the Plaintiff and Defendants (the "Agreement"), against HAN Y. INC., d/b/a UMI SUSHI in the sum of $30,000.00, less any payments already made, pursuant to the terms of theAgreement , together with interest from the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; and reasonable attorneys fees, computed as provided in 28 U.S C. § 1961, incurred in entering and enforcing the judgment.

4. Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.
5. This confession of judgment may only be filed by Plaintiff's counsel, Hang & Associates, pursuant to the terms of the Agreement.

**CONFESSION BY TONY HAN**

TONY HAN

By: _____    Dated: May 22, 2017

Name: TONY HAN

## ACKNOWLEDGMENT

On this 22nd day of May, 2017 before me personally came TONY HAN and acknowledged himself/herself to be an Authorized Representative of the above name corporation or business entity, that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name on behalf of the corporation as an Authorized Representative.

Sworn to before me
this 22nd day of May, 2017

_____
Notary Public

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 18, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GAN DI LIN, individually and on behalf of all other
employees similarly situated,

        Plaintiff,

  -against-

HAN Y. INC., d/b/a UMI SUSHI, and TONY H.

        Defendants.
----------------------------------------------------------X

Case No. 1:17-cv-00175-JBW-VMS

AFFIDAVIT OF CONFESSION
OF JUDGMENT

**STATE OF NEW YORK**     }
                                } ss.:
**COUNTY OF** Queens       }

TONY HAN, through and by a duly sworn representative with authority to bind itself, does depose and say:

1. That I, TONY HAN, have the authority to sign on behalf of myself, as a Defendant in the above captioned action, and I am duly authorized to make this affidavit on my behalf.

2. That TONY HAN hereby confesses judgment, and authorizes entry of judgment only in the event of a default, not timely cured, pursuant to the terms of the Settlement Agreement and Release among the Plaintiff and Defendants (the "Agreement"), against TONY HAN in the sum of $30,000.00, less any payments already made, pursuant to the terms of the Agreement, together with interest from the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; and reasonable attorneys fees, computed as provided in 28 U.S.C. § 1961, incurred in entering and enforcing the judgment.

3. This confession of judgment is for a debt justly due to Plaintiff pursuant to the agreement dated as of May 22, 2017, and the Defendants' default in payment under the Agreement.

3. This confession of judgment is for a debt justly due to Plaintiff pursuant to the agreement dated as of ___May 22___, 2017, and the Defendants' default in payment under the Agreement.
4. Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.
5. This confession of judgment may only be filed by Plaintiff's counsel, Hang & Associates, pursuant to the terms of the Agreement.

**CONFESSION BY HAN Y. INC., d/b/a UMI SUSHI**

HAN Y. INC., d/b/a UMI SUSHI

By: ___[signature]___  Dated: ___May 22___, 2017
Name: Tony Han
Title: Owner

## ACKNOWLEDGMENT

On this __22nd__ day of __May__, 2017 before me personally came __Tony Han__ and acknowledged himself/herself to be an Authorized Representative of the above name corporation or business entity, that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name on behalf of the corporation as an Authorized Representative.

Sworn to before me
this __22nd__ day of __May__, 2017

___[signature]___
Notary Public

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 19, 2020